Daniel, J.
 

 The prisoner was convicted of grand larceny. When he was brought up for judgment, he prayed the benefit of clergy. The prayer was resisted on behalf of the •State, and the Attorney General offered to read to the court
 
 *260
 
 the record of a prior conviction for the same offence, when ^ie Prisoner had once betore been allowed his clergy. The court refused to hear, in this way, the evidence of a former conviction and allowance of clergy. We are of opinion that the court acted correctly. When the benefit of clergy is demanded by a prisoner, who can only once receive it, and the prayer is entered on the
 
 record, the State
 
 may file a
 
 counterplea,
 
 stating that he has had it before, in order to bar his present claim. But where no
 
 counterplea
 
 is filed, clergy is allowed of course. 1 Chitty’s Crim. L. 688, 689, (Amer. Edit.) The counterplea always recites the record of the prior conviction — the prayer of clergy — and the allowing of the same by the court; and then it makes an averment that the prisoner is the
 
 same person
 
 who was so convicted, and no other or different person; and the plea concludes with a prayer, that the prisoner receive judgment
 
 to die
 
 according to law. To such a counterplea the prisoner may reply
 
 nul tiel record,
 
 and also deny that he is the person named in the said record.
 
 Scott’s case,
 
 1 Leach’s C. Cases, 402, 403, (4th Edit.) If the State was not compelled to counterplead on the record, the prisoner would be unable to put in his replication and make up an issue as to his identity, to be submitted to a jury, which he is entitled to by law. It is, therefore, not admissible for the Attorney General to counterplea
 
 ore tenus
 
 at the bar; the plea should be filed in writing. The form of such a plea may be seen in
 
 Scott’s case,
 
 cited above. The judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.